# IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL VANCE CONSULTING, INC. ) <br> dba ASANTE ENERGY, ) <br> ) <br>                  **Plaintiff**, ) <br> ) <br> v. ) <br> ) <br> HELIOS ENERGY, LLC and ) <br> THE HANOVER INSURANCE COMPANY ) <br> ) <br>                  **Defendants.** ) | Civ. No. 21-cv-123 <br><br> COMPLAINT FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, AND CLAIM AGAINST PAYMENT BOND |

Plaintiff Michael Vance Consulting, Inc., doing business as Asante Energy, by and through undersigned counsel, complains and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties have diversity of citizenship and the amount in controversy exceeds $75,000.

### VENUE

2. Venue is proper within the District Court of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because the construction project which is the subject of this action is located in (Georgia) and, therefore, a substantial part of the events or omissions giving rise to the action occurred in (Georgia).

3. Venue (and jurisdiction) is proper against Defendant the Hanover Insurance Company because the action arises out of the Miller Act (40 U.S.C. §§ 3131 to 3134).

1

## PARTIES

4. Plaintiff Michael Vance Consulting, Inc., doing business as Asante Energy, is an Ontario, Canada Corporation, with its principal place of business in Ontario, Canada.

5. Defendant Helios Energy LLC ("Helios") is, upon information and belief, a Tennessee Corporation with its principal place of business in Tennessee, United States.

6. Defendant the Hanover Insurance Company ("Hanover") is, upon information and belief, a New Hampshire Corporation with its principal place of business in Worcester, Massachusetts.

## STATEMENT OF FACTS

7. On or about July 2019 Helios and Vance entered into a contract wherein Helios agreed to pay Vance for Engineering and Project Management services on a 2.5MW solar energy facility at Moody Air Force Base (the "Contract").

8. Helios was under Subcontracted with Schneider Electric Buildings Americas, Inc. ("Schneider) who was performing the work for the Federal Department of Homeland Security ("DHS").

9. The expected duration of the contract was 10 months, from September 2019 through June 2020.

10. In the spring of 2020, both Helios and Vance recognized that the Project would not be completed by June 30, 2020.

11. During this time period the parties discussed additional compensation for Vance to continue beyond June 30, 2020. The parties agreed that a profit-sharing mechanism would be adopted (the "Agreement"), which became part of the Contract (hereinafter collectively referred to as the "Contract/Agreement").

12. The Agreement provided for Vance to receive reasonable compensation for the additional work.

13. The Parties subsequently also adopted further profit- sharing mechanisms for the work being performed by Vance to aide and assist Helios in obtaining contract awards for projects in St. Croix and St. Thomas in the United States Virgin Islands, along with Hurlburt Field in Florida.

14. Helios was successful in obtaining the contracts in St. Croix, USVI, St. Thomas, USVI, and Hurlburt Field, Florida, but has refused to pay Vance for the work that enabled Helios' success.

### The Miller Act 40 U.S.C. §§ 3131 to 3134: Claim Against Payment Bond

15. At or before commencement of the Project, upon information and belief, Helios procured from Hanover a payment bond covering its payment obligations in connection with the Project (the "Payment Bond").

16. On or around December 10, 2020, Vance provided Hanover and Helios with written notice of a claim against the Payment Bond pursuant to the Miller Act.

17. Neither Helios, Hanover, (nor Schneider) requested additional information in response to Vance's notice of claim on the Payment Bond.

18. All prerequisites and conditions precedent to this action have been met.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

19. Vance repeats and realleges paragraphs 1 through 18 above as if fully set forth herein.

20. Vance has substantially performed all of its obligations under the Contract/Agreement.

21. Helios has breached the Contract/Agreement in that it has failed and refused to pay Vance for amounts rightfully due and owing pursuant to the "Profit Sharing" arrangement of the

Contract/Agreement and on the basis of Vance's services in the prosecution of Vance's scope of work and in furtherance of the overall Project.

22. Vance has suffered damages in the approximate amount of $160,000 as a direct and proximate result of Helios's breach of the Contract/Agreement.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

23. Vance repeats and realleges paragraphs 1 through 22 above as if fully set forth herein.

24. At the request of Helios, Vance provided valuable labor and services that were necessary for Helios to perform and complete its contractual obligations with the Schneider Electric with respect to the overall Project.

25. At the request of Helios, Vance also provided labor and services to assist Helios in obtaining future contracts with Schneider on St. Croix, St. Thomas and Hurlburt Field, Florida.

26. Helios benefited from Vance's labor and services, including but not limited to the fact that Helios could not have fully performed and completed its contractual obligations to the Project owner in the absence of the labor and services provided by Vance.

27. Helios has failed and refused to pay Vance for the labor and services referenced herein.

28. Helios has been unjustly enriched by accepting the benefits associated with, but refusing to pay Vance for, Vance's provision of labor and services as referenced herein.

## THIRD CAUSE OF ACTION: MILLER ACT CLAIM AGAINST PAYMENT BOND

29. Vance repeats and realleges paragraphs 1 through 27 above as if fully set forth herein.

30. Vance has complied with the statutory deadlines set forth in the Miller Act with respect to claims against payment bonds.

31. Pursuant to the Miller Act, Vance has a direct right of action against Hanover with respect to the Payment Bond.

32.     Hanover is obligated, pursuant to the Payment Bond, to pay Vance for the labor and services furnished by Vance in furtherance of the Project and for which Helios failed to make payment.

**PRAYER FOR RELIEF**

WHEREFORE, Vance hereby prays for the following relief:

A.  Judgment against Helios in the amount of $160,000, or such other amount as proven at trial;

B.  Judgment against Hanover, as surety for the Payment Bond, in the amount of $160,000 or such other amount as proven at trial;

C.  Prejudgment interest at the rate allowed by law;

D.  Costs of suit incurred in this action;

E.  Reasonably attorney's fees to the extent allowed under law; and

F.  Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: July 1, 2021                        By:_____
                                           Frank L. Bigelis, Esq.
                                           GA Bar No. 319294
                                           104 Dunbarton Drive
                                           St. Simons Island, GA 31522
                                           Tel.: (404) 735-0427
                                           frank.bigelis@gmail.com
                                           *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Frank L. Bigelis, Esq.
Attorney for Plaintiff
104 Dunbarton Drive
Saint Simons Island, GA 31522
Tel: (404) 735-0427
frank.bigelis@gmail.com